NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0259n.06

Case Nos. 15-1917/2109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 04, 2017
DEBORAH S. HUNT, Clerk

ROEMER INDUSTRIES, INC.,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Petitioner/Cross-Respondent,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)　　ON　　APPEAL　　FOR
v.　　　　　　　　　　　　　　　　　　　　　　　)　　ENFORCEMENT　OF　AN
　　　　　　　　　　　　　　　　　　　　　　　　)　　ORDER　OF　THE　NATIONAL
NATIONAL LABOR RELATIONS BOARD,　　　　)　　LABOR RELATIONS BOARD
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Respondent/Cross-Petitioner.　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　)　　　　　　**O P I N I O N**

BEFORE: BOGGS, McKEAGUE, and GRIFFIN, Circuit Judges.

**McKEAGUE, Circuit Judge.** This case concerns two unionized employees whom Roemer Industries, Inc. suspended for a combined total of five days in 2013. The National Labor Relations Board found that the discipline violated the National Labor Relations Act (NLRA) and ordered Roemer to cease and desist, make the employees whole, and post a remedial notice. Roemer seeks review of the Board's order and the Board seeks enforcement. We deny Roemer's petition for review and grant the Board's cross-application for enforcement.

**I**

Roemer manufactures graphic products in an Ohio facility, where most of its employees are members of a union. In early September of 2013, one such employee—Bruce Haas— allegedly made a mistake during the production process that affected the work of another

employee—Brad Johnson—down the line. In line with its policies, Roemer suspended Haas for the error. As a result, Haas filed a grievance through the union and Ronald Merrick and Geraldine Dolata, both of whom were Roemer employees and union representatives, investigated.

On September 11, 2013, Merrick and Dolata spoke with Johnson before his 7:00 a.m. shift about Haas's error. The pair asked Johnson what issues he had noticed with Haas's work and Johnson told them. They then asked if Johnson would be willing to testify if Haas's grievance ended up in arbitration. Johnson walked away without giving a clear answer.

That same morning, Johnson asked to speak with his supervisor. In his supervisor's office, Johnson told her that Dolata and Merrick had asked him about Haas's work and said they "wanted me to testify against [Haas] on—or for [Haas] and I don't want to do it, I don't want to be involved." The supervisor called in Merrick, and, with Johnson in the room, said "you guys asked him to testify for [Haas] and he doesn't want to do it." Merrick said nothing of substance before leaving with a flourish, slamming the door behind him and walking through the workplace saying that Johnson was a backstabber and couldn't be trusted.

The supervisor reported the incident up the ladder where it landed on the desk of Roemer's CEO, Joseph O'Toole. After some manner of looking into the issue, O'Toole informed Merrick and Dolata that they were each receiving a one-day suspension for "intimidation and bullying of Brad Johnson" pursuant to Roemer's "Threats and Violence Policy." He then issued Merrick an additional three-day suspension for a second violation of the policy: calling Johnson a backstabber and saying he couldn't be trusted. The pair served their suspensions and filed grievances. The union filed an unfair labor charge with the NLRB on their behalf, alleging Roemer disciplined Merrick and Dolata for protected union activity.

The NLRB found that Roemer violated Sections 8(a)(1) and (3) of the NLRA by disciplining Merrick and Dolata for engaging in concerted and protected union activity—an investigation of Haas's grievance. *See Roemer Indus., Inc. & United Steel Paper & Forestry Rubber Mfg. Energy Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC*, 362 N.L.R.B. No. 96 (May 28, 2015); 29 U.S.C. § 158(a)(1), (3). It ordered Roemer to cease and desist, make the employees whole, and post a remedial notice. Roemer petitions for review and the Board files a cross-application for enforcement of its order.

Here, "the sole question for us on appeal is whether substantial evidence supports the Board's findings." *NLRB v. Galicks, Inc.*, 671 F.3d 602, 607 (6th Cir. 2012). Thus, "[w]e must affirm and enforce the Board's decisions if the record viewed as a whole provides sufficient evidence for a reasonable factfinder to reach the conclusions the Board has reached." *Id.* (citation omitted). "Therefore, we must defer to the Board's reasonable inferences and credibility determinations, 'even if we would conclude differently under *de novo* review.'" *Id.* (quoting *FiveCAP, Inc. v. NLRB*, 294 F.3d 768, 776 (6th Cir. 2002)).

Roemer's arguments boil down to one central issue: whether Merrick and Dolata were investigating the Haas grievance or attempting to bully Johnson into lying on Haas's behalf. The Board found all of the relevant conduct was fully protected by the NLRA as the *res gestae* of a grievance investigation. *See NLRB. v. City Disposal Sys. Inc*., 465 U.S. 822, 836 (1984). Roemer lays out facts that support its bullying theory and otherwise asks the court to re-characterize and re-weigh evidence.[1] But, when reviewing Board decisions, it is not our job to interpret which version of the facts is correct. *See Galicks*, 671 F.3d at 608. Rather, we serve to

---

[1] It also asks the court to take judicial notice of evidence related to the Haas grievance, excluded by the ALJ on relevance grounds, that it believes supports the bullying theory.

determine whether there is substantial evidence in the record to support the Board's findings. *Id.* There is.

The Administrative Law Judge's decision, adopted in full by the Board, adequately describes the record basis for the Board's findings that Merrick and Dolata were investigating Haas's grievance and that the conduct was wholly protected under the NLRA. *See Roemer*, 362 N.L.R.B. No. 96. A thorough review of the record reveals that we have no basis to quibble with these findings.

## II

Thus, for the foregoing reasons, we **ENFORCE** the order of the National Labor Relations Board and **DENY** Roemer's petition for review. Roemer's motion to take judicial notice and all other pending motions are hereby **DENIED**.